UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOMINGO GERMAN MACAVILCA,

Plaintiff,

v.

WARDEN WIGGEN, *et al.*,

Defendants.

Case No. C08-5637 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
May 22, 2009**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. For the reasons discussed below, the undersigned recommends that this matter be dismissed without prejudice as Plaintiff has failed to prosecute this action.

## I. DISCUSSION

Plaintiff was granted leave to proceed *in forma pauperis*. Dkt. # 5. On December 12, 2008, Plaintiff was granted leave to file an amended complaint. Dkt. # 7. Plaintiff filed an amended complaint on January 5, 2009. Dkt. # 8. On February 2, 2009, the Court ordered Plaintiff to provide service copies of the amended complaint and US Marshal service forms by February 20, 2009 and warned Plaintiff that the Court would recommend dismissal of his case for failure to prosecute if he failed to timely provide the service copies and marshal forms. Dkt. # 9. On

REPORT AND RECOMMENDATION - 1

February 12, 2009, Plaintiff's mail was returned as undeliverable. Dkt. # 10. On February 18, 2009, Plaintiff filed a notice of change of address, stating that his new address was in New Jersey. Dkt. No. 11. The Clerk mailed the Court's Order (Dkt. # 9) to Plaintiff at his new address on February 20, 2009. On March 26, 2009, the Court received a letter from the US Department of Justice that Plaintiff was removed to Peru by the US Department of Homeland Security on February 2, 2009. Dkt. # 12.

Plaintiff has not provided the service copies or marshal forms or responded to the Court's Order. Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir.1978). In addition, a plaintiff who has filed a *pro se* action has a duty to keep the Court apprised of his or her current address (Local Rule 41(b)(2) and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir.1988). Thus, Plaintiff's failure to keep the Court informed of his new address also constitutes a failure to prosecute.

## II. CONCLUSION

Plaintiff has not provided service copies as ordered or requested additional time to comply with the Court's Order. It also appears that Plaintiff has not provided the Court with his current address pursuant to Rule 41(b)(2). Therefore, the undersigned recommends this case be dismissed without prejudice for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

REPORT AND RECOMMENDATION - 2

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 22, 2009**, as noted in the caption.

DATED this  4th  day of May, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3