UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOMINGO GERMAN MACAVILCA,

                      Plaintiff,

     v.

WARDEN WIGGEN, et al.,

                      Defendants.

No. C08-5637 FDB/KLS

**REPORT AND RECOMMENDATION**
**Noted for: November 13, 2009**

Presently before the Court is the motion to dismiss of Defendant A. Neil Clark, Field Office Director, U.S. Immigration and Customs Enforcement (ICE). Dkt. 20. Defendant Clark argues that Plaintiff's Amended Complaint should be dismissed to the extent it purports to state a claim for relief against him because Plaintiff's claim for relief has been mooted by his lawful removal by ICE to Peru. *Id.*, p. 2. Plaintiff Domingo German Macavilca has filed a response. Dkt. 24.

Having reviewed the parties' submissions, the court recommends that the motion to dismiss be granted as to Defendant Clark.

## I. BACKGROUND

**A.    Plaintiff's Allegations**

After reviewing Plaintiff's original complaint, the court found that Plaintiff had failed to state a claim under 42 U.S.C. § 1983, and ordered Plaintiff to file an amended complaint. Dkt. 7.

REPORT AND RECOMMENDATION - 1

In his Amended Complaint, Plaintiff alleges that Defendants Warden, the medical supervisor, Officer Ogden, the kitchen supervisor, and the librarian, all employees at the Northwest Detention Center (NWDC) where he was previously detained, violated his First and Eighth Amendment rights when they deprived him of his religious diet and medical prescriptions. Dkt. 8. These defendants are employees of Geo Group, the contractor that operates the NWDC. Dkt. 20, p. 1.

In addition, Plaintiff alleges that Defendant Clark violated his Fifth and Fourteenth Amendment rights when Defendant Clark failed to release him from the NWDC within 90 days or six months after his removal proceeding was final. Dkt. 8, p. 4 (CM/ECF pagination).

Plaintiff seeks damages of $1 million and an order compelling the NWDC to resume his vegetarian diet, provide him with his medication and reimburse him for the monies he has expended purchasing food. *Id.*, p. 5.

**B.     Plaintiff's Immigration Status**

At the time Plaintiff filed his Amended Complaint on January 5, 2009, he was detained by ICE subject to removal to Peru pursuant to an order of removal that became final on August 16, 2005. *See* Dkt. 8. On February 2, 2009 (there being no stay or removal), ICE removed Plaintiff to Peru. Dkt. 21-2, pp. 2-3; pp. 4-6 (warrant of removal/deportation). The Warrant of Removal/Deportation is dated January 22, 2009 and includes a Warning to Alien Ordered to Be Removed or Deported, which prohibits Plaintiff's re-entry into the United States. *Id.*, pp. 4, 6.

**C.     Plaintiff's Previous Habeas Petition**

Mr. Macavilca brought a § 2241 habeas action in Case No. 08-36-TSZ-JPD. His habeas petition in that case was denied. He appealed to the Ninth Circuit Court of Appeals, Case No. 08-35801. That appeal is still pending. Mr. Macavilca was previously advised by this court in

REPORT AND RECOMMENDATION - 2

another § 1983 action that he should not include any allegations that purport to challenge his detention as those claims were previously adjudicated and denied in Plaintiff's § 2241 habeas action. See *Macavilca v. Kandler,*, Case No. C08-5312 FDB/KLS, Dkt.16, p. 2, citing Case No. 08-36-TSZ-JPD).

## II.  STANDARD OF REVIEW

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001). However, a court may take judicial notice of its own records (but not the truth of the contents of all documents found therein), *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983), and may take judicial notice of matters of public record. (See, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986), without converting a motion to dismiss into a motion for summary judgment.

All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Vague and mere [c]onclusionary allegations, unsupported by facts, are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner*,

REPORT AND RECOMMENDATION - 3

976 F.2d 469, 471 (9th Cir. 1992). Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 769, 471 (9th Cir. 1992).

Before the court may dismiss a pro se complaint for failure to state a claim, it must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); see also *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

### III. DISCUSSION

Defendant Clark asserts that Mr. Macavilca is no longer detained by ICE or any other federal agency, and therefore, any claim against Defendant Clark in which Mr. Macavilca challenges the length of his detention, was rendered moot by Mr. Macavilca's subsequent removal to Peru. Dkt. 20, p. 2 (citing *Abadala v. INS*, 488 F.3d 1061, 1062 (9th Cir. 2007) (habeas petition challenging length of alien's detention rendered moot by subsequent removal to Somalia)).

Mr. Macavilca argues that his claims against Defendant should not be dismissed because Mr. Macavilca was illegally detained on a simple petty offense, Defendant Clark continued to detain him while obstructing his appeal of the decision to deport him, and that during his prolonged detention he was subjected to inhumane treatment at the NWDC. Dkt. 24, pp. 2-3.

REPORT AND RECOMMENDATION - 4

In the *Abadala* case relied on by Defendant Clark, the court noted that deportation from the United States after filing a habeas petition does not necessarily moot a petitioner's claim because the "in custody" provision of 28 U.S.C. § 2254 requires only that a petitioner be incarcerated (in INS custody) at the time the habeas petition is filed. *Abdala*, 488 F.3d 1064 (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir.1994) (petitioner's deportation does not automatically render his claim moot); *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1126-27 (9th Cir.2003). However, for a habeas petition to continue to present a live controversy after the petitioner's release or deportation, there must be some remaining "collateral consequence" that may be redressed by success on the petition. *Id*. (citing *Spencer*, 523 U.S. at 7, 118 S.Ct. 978 ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - some 'collateral consequence' of the conviction - must exist if the suit is to be maintained."); *Zegarra-Gomez*, 314 F.3d at 1127 (case or controversy requirement is satisfied where the petitioner is deported if he was in custody when the habeas petition was filed and continues to suffer actual collateral consequences of his removal).

This court need not address in this 42 U.S.C. § 1983 case, whether Mr. Macavilca suffered some continuing injury other than his now-ended detention. Any issues Mr. Macavilca had regarding his deportation and/or continued detention were raised or should have been raised in his petition for habeas corpus in Case No. 08-36-TSZ-JPD. Mr. Macavilca's attempt to amend his petition in this § 1983 action to include a claim of indefinite detention is improper. [1]

---

[1] To the extent Mr. Macavilca seeks to file a second habeas petition subsequent to his deportation, see 28 U.S.C. § 2244(3), he is advised that he must present "extreme circumstances" - such as removal in contravention of due process - that would permit review of his claims now that he has been deported. See *Miranda v. Reno*, 238 F.3d 1156, 1158-59 (9th Cir.2001).

REPORT AND RECOMMENDATION - 5

Mr. Macavilca was previously advised by this court that he may not include allegations that purport to challenge his detention or deportation in a 42 U.S.C. § 1983 action as those claims were previously adjudicated and denied in his § 2241 habeas action. See *Macavilca v. Kandler*, Case No. C08-5312 FDB/KLS, Dkt.16, p. 2, citing Case No. 08-36-TSZ-JPD).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of respondeat superior is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove

that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.*

On December 12, 2008, Plaintiff was granted leave to file an amended complaint so that he could properly set forth his § 1983 claims that his First and Eighth Amendment rights were violated when he was given a diet that was not in accordance with his religion and was denied his medications. Plaintiff was ordered to file an amended complaint naming the individual defendant or defendants who he alleges caused him harm.

In his amended complaint, Mr. Macavilca alleges that the Warden, medical supervisor, Officer Ogden, the kitchen supervisor and the librarian violated his First and Eighth Amendment rights when they deprived him of his religious diet and medical prescriptions. Dkt. 8. There are no factual allegations contained in the Amended Complaint describing how Defendant Clark caused or personally participated in causing these alleged harms. Mr. Macavilca requested no relief of Mr. Clark. *Id.*, p. 5. Instead, Mr. Macavilca alleged that Defendant Clark violated his Fifth and Fourteen Amendment rights when Defendant Clark failed to release him from the NWDC within 90 days or six months after his removal proceeding was final. *Id.*, p. 4. As noted above, this latter claim is not cognizable in a § 1983 case.

Despite being given an opportunity to amend and despite prior admonishments that claims relating to his detention and/or deportation are not cognizable under § 1983, Mr. Macavilca has failed to state a claim against Defendant Clark in this action.

REPORT AND RECOMMENDATION - 7

## IV. CONCLUSION

For the reasons stated above, the undersigned recommends that the motion to dismiss (Dkt. 20) should be **GRANTED** and that all Plaintiff's claims against Defendant Neil A. Clark should be **DISMISSED.** The dismissal should be without leave to amend as leave to amend would be futile; Mr. Macavilca has already been granted an opportunity to properly plead his case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 13, 2009,** as noted in the caption.

DATED this 26th day of October, 2009.

Karen L. Strombom
United States Magistrate Judge